Argued and submitted February 4, conviction affirmed and order of restitution vacated March 23, 1994

STATE OF OREGON,
*Respondent,*

*v.*

TIA SHANNON HARDWICK,
*Appellant.*

(M92-1169; CA A79379)

871 P2d 505

Stephen P. Riedlinger argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to criminal trespass. ORS 164.245. The trial court suspended imposition of sentence and placed defendant on probation. Over defendant's objection, the court ordered her to pay $2,000 in restitution to the victim.[1] We vacate the order of restitution.

Because defendant pleaded guilty, our review is limited under ORS 138.050[2] and ORS 138.053[3] to whether the sentence exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. *State v. Anderson*, 113 Or App 416, 418, 833 P2d 321 (1992). An award of restitution exceeds the maximum allowable by law if it is not imposed in accordance with statutory requirements. 113 Or App at 419. One such requirement is that the victim suffered "pecuniary damages," which are "all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities." ORS 137.103(2). Even assuming that the state is correct about the civil causes of action available to the victim, it failed to provide any evidence of "actually incurred and * * * easily measurable" damages that could be recovered in those actions. *State v. Hart*, 299 Or 128, 135, 699 P2d 1113 (1985).

Conviction affirmed; order of restitution vacated.

---

[1] Defendant's husband also pleaded guilty to criminal trespass in relation to the same incident, and the trial court ordered that he and defendant would be jointly and severally liable for the $2,000 restitution payment. He appeals on the same grounds. *State v. Hardwick (A79380)*, 127 Or App 134, 871 P2d 506 (1994).

[2] ORS 138.050 provides, in part:

"(1) A defendant who has pleaded guilty * * * may only take an appeal from a judgment or order described in ORS 138.053 where the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual.

"* * * * *

"(3) On appeal under subsection (1) of this section, the appellate court shall only consider whether the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

[3] ORS 138.153 "establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS * * * 138.050," which include a disposition that "suspends imposition or execution of any part of a sentence." ORS 138.053(1)(b).