Argued and submitted July 21, vacated and remanded in part; otherwise affirmed
November 15, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# FRED JAMES JURADO,
*Appellant.*

# (CM94-051; CA A85616)

905 P2d 274

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant pleaded guilty to criminal possession of rented personal property of a value under $500, a Class A misdemeanor, ORS 164.140(1). As part of defendant's sentence, the trial court imposed a restitution award of $775.42, which included $191.62 for replacement costs, and $583.80 for lost profits. Defendant objected to the amount of restitution. We vacate the order of restitution and remand for resentencing.

Defendant rented two Nintendo games and a Nintendo machine from the victim, Mid-Columbia Video. He failed to return the items, which were due on December 23, 1993, within ten days after being served with written notice. At the restitution hearing, Mid-Columbia's bookkeeper testified that the replacement cost of the rented items was $191.62. She purchased the replacements on July 26, 1994, one day before the hearing. She testified that Mid-Columbia charges a late fee of $2.00 per day for video games, and $4.95 per day for the machine, which represents their daily rental value. The bookkeeper further testified that the missing items would have been rented approximately one-half of the time. After hearing that testimony, the court set the amount of lost profits at $583.80.

On appeal, defendant concedes that the victim was entitled to a restitution award of $191.62, the replacement cost of the games and equipment. He argues, however, that the trial court erred in awarding lost profits. Because defendant pleaded guilty, our review is limited to deciding whether the sentence exceeds the maximum allowed by law or is unconstitutionally cruel and unusual. *State v. Hardwick*, 127 Or App 132, 133, 871 P2d 505 (1994). An award of restitution exceeds the maximum allowed by law if it is not imposed consistently with applicable statutory requirements. *State v. Anderson*, 113 Or App 416, 419, 833 P2d 321 (1992).

The pertinent statutes here provide that a court has the authority to require a defendant to pay restitution to a victim for "pecuniary damages." ORS 137.106(1). "Pecuniary damages" are defined as

"all special damages, but not general damages, which a person could recover against the defendant in a civil action

arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling." ORS 137.103(2).

Defendant argues that that portion of the award of restitution representing lost profits is not authorized by the statutes, because it could not have been recovered in a civil action against defendant. He asserts that the victim's lost profits would not be recoverable, because the evidence of the loss was too speculative. He also argues that the victim was not entitled to such damages, because it failed to mitigate damages when it unreasonably delayed purchasing replacements.

The state agrees that, based on the evidence here, the amount of the award for lost profits is excessive. It asserts, however, that the statutes do allow an award for lost profits to be included in a restitution award, and that a lesser amount is justified here. We agree. As defendant acknowledges, the victim did have grounds to bring a civil action against defendant. In such a case, a victim may recover lost profits if proved with reasonable certainty. *Willamette Quarries v. Wodtli*, 308 Or 406, 412, 781 P2d 1196 (1989).

We conclude that the victim's lost profit damages here were proven with reasonable certainty. The victim's bookkeeper testified that the late fee for the rental equipment was $8.95 per day and that the equipment would have been rented one-half of the time. The evidence shows that the victim waited seven months before replacing the equipment. Accordingly, the record establishes that the victim lost nearly $940.00 in revenue. The trial court's determination that the victim incurred lost profits of $583.80 was supported by the evidence.[1]

Defendant is correct, however, that a victim must also take reasonable steps to avoid the enhancement of damages. The burden of proving a failure to mitigate damages falls on the person causing the damage. *See Marr et al v.*

---

[1] Defendant does not contend that the state's proof of "lost profits" was defective in that it does not take into account the victim's operating expenses.

*Putnam et al*, 213 Or 17, 321 P2d 1061 (1958) (tort action); *Bixler v. First National Bank*, 49 Or App 195, 203, 619 P2d 895 (1980) (breach of contract action). Here, defendant did meet the burden of showing that the victim did not take reasonable steps to mitigate damages. As noted above, the record shows that the victim waited seven months before replacing the equipment. The trial court, however, awarded lost profits equivalent to 65 rentals. Based on the book-keeper's testimony that the equipment would have been rented one-half of the time, that award sanctioned a 130-day delay by the victim in replacing the equipment. Although it is certainly appropriate for a victim to wait a reasonable length of time to see if equipment will be returned, under the circumstances here, 130 days was excessive. By that time, the lost profits totaled more than three times the value of the lost equipment. Thus, that part of the restitution award representing lost profits of $583.80 was excessive. Accordingly, we remand to the trial court to recalculate the victim's lost profits and modify that portion of the restitution award, taking into consideration the victim's duty to mitigate damages. We reject defendant's remaining argument without discussion.

Restitution order vacated; remanded for resentencing; otherwise affirmed.