Submitted May 28, 2015, affirmed August 31, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICKIE MARIE ROCK,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR120281; A155007

380 P3d 1084

Ronald W. Stone, Judge.

Peter Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

## ARMSTRONG, P. J.

Defendant appeals a supplemental judgment ordering defendant to pay $3,900 in restitution to the victim of defendant's crime, contending that the evidence was insufficient to support a finding that the victim had suffered that amount of economic damage from the crime. Defendant and two accomplices stole the victim's motorcycle. The motorcycle was recovered and returned to the victim missing a substantial number of parts, and the victim subsequently sold the motorcycle in that condition. One of defendant's accomplices returned the missing motorcycle parts to the police a month after the victim had sold the motorcycle. The victim refused to accept the parts because he no longer had any use for them. Defendant was subsequently convicted of second-degree theft for stealing the victim's motorcycle and requested a restitution hearing. Defendant contended at that hearing that the victim was required to mitigate his damages by accepting and selling the motorcycle parts that defendant's accomplice had attempted to return to him. The trial court agreed that the victim was required to accept and sell the parts but concluded that defendant had failed to prove the value of them. We conclude that the trial court did not err in awarding restitution and affirm.

The victim bought a motorcycle in 2007 for $9,000. Defendant and her accomplices stole the motorcycle five years later while the victim was temporarily out of the state. The motorcycle had been driven only 200 miles before the theft but was inoperable due to a defective battery. When the victim returned home, he discovered that his motorcycle had disappeared. The victim's neighbors told him that they had seen two men and a woman load the motorcycle onto a truck and take it; when asked, the people who took the motorcycle told the neighbors that the victim had sold it to them. The victim reported the theft to the police.

The police found and returned the motorcycle to the victim two months later. The motorcycle was returned in much worse condition than when it was stolen. Among other things, the motorcycle's fenders, gas tank, brake pedal, and headlights had been removed. The victim had the motorcycle towed to a repair shop, which estimated that it would

cost $8,285.95 to repair the motorcycle. The victim believed that it would cost him half that amount to acquire a motorcycle equivalent to the stolen motorcycle and decided not to repair it. Instead, he sold the motorcycle to the repair shop for $100.

A month after the victim sold the motorcycle to the repair shop, one of defendant's accomplices contacted the police at his lawyer's behest and gave the police the motorcycle parts that he had removed from the motorcycle. The police told the victim that he could pick up the parts if he wanted them. The victim declined the offer, telling the police that he no longer owned the motorcycle, and the parts were therefore useless to him.

Defendant ultimately pleaded guilty to second-degree theft for the theft of the motorcycle. The state asked the court at sentencing to impose $8,000 in restitution. Defendant objected, and the court scheduled a restitution hearing to determine the amount of restitution that it would order defendant to pay.

Defendant's accomplice testified at the restitution hearing that the victim's motorcycle was worth between $3,500 and $4,500 when it was stolen, and the victim testified that it was worth $4,000 when stolen. Defendant also presented evidence at the restitution hearing about the motorcycle parts that her accomplice had returned to the police. The accomplice listed all the motorcycle parts that he had returned, and defendant introduced into evidence photographs of some of the parts. The accomplice also asserted that the parts that he had returned were worth roughly half the value of new parts bought at an automotive-parts store, based on his understanding that those stores generally purchase parts from manufacturers for half of the parts' retail price.

Based on the evidence that she presented, defendant contended that the court should award the victim $1,000 in restitution, *viz.*, the motorcycle's fair market value at the time that it was stolen, $4,000, minus the value of the returned parts, $3,000. Defendant based the value of the returned parts on the value ascribed to them by her accomplice. The state asked the court to award $3,900 in

restitution, *viz.*, the value of the motorcycle when stolen less the $100 that the victim had received when he sold it.

The court ordered defendant to pay the victim $3,900 in restitution. It began by noting that both parties agreed that the motorcycle was worth $4,000 when it was stolen. It then addressed defendant's mitigation argument, agreeing with defendant that the victim was obligated to accept and sell the spare parts to mitigate his damages. However, the court rejected defendant's contention that the motorcycle parts were worth the equivalent of new parts in the wholesale market and assigned no value to the parts.

Defendant contends on appeal that, because the trial court concluded that it could not determine the value of the parts that the accomplice had tried to return to the victim, the evidence in the record was insufficient to establish the victim's economic damages and, hence, no restitution should have been ordered. Defendant does not contend that the evidence was insufficient to support a finding that the value of the motorcycle when stolen was $4,000. The state defends the trial court's restitution award on the ground that defendant failed to prove the value of the returned parts.[1]

For a trial court to enter a lawful restitution order, the state must establish that the defendant participated in criminal activities, the victim of the criminal activities sustained economic damages, and there is a causal relationship between the two. *See, e.g., State v. Pumphrey*, 266 Or App 729, 733, 338 P3d 819 (2014). Defendant does not dispute

---

[1] The state also disputes that the victim was required to accept and resell the motorcycle parts to mitigate his damages. We need not reach that argument to resolve this appeal, but we note that the *Restatement (Second) of Torts* section 922, comment f (1974), provides:

"If the exchange value of the chattel has been substantially reduced, by harm to its physical condition or otherwise, or if the value of the use of the chattel to the owner himself has been substantially lessened, a tender will not be effective in mitigation of the damages. Under those conditions the [victim] cannot be required to forgo his right of recovery of the full value of the chattel and accept instead something that he no longer wants. Thus when circumstances have so changed that, although the market value is not diminished, the [victim] has no further use for the chattel, [the victim] is not required to accept it—as when, after the conversion of an automobile, the owner has purchased another one or when a wedding dress is tendered back to the bride after the wedding."

that she participated in criminal activities or that there was a causal relationship between her crime and the victim's economic damages. However, she does dispute that the state proved the victim's economic damages with sufficient certainty.

ORS 137.106(1)(a), provides that,

> "[w]hen a person is convicted of a crime *** that has resulted in economic damages, *** [i]f the court finds from the evidence presented that a victim suffered economic damages *** the court shall enter a judgment *** requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages."

For purposes of that statute, "economic damages" is defined by ORS 31.710(2)(a) to mean "objectively verifiable monetary losses." "Objectively verifiable monetary losses *** include monetary losses that a victim could recover if the victim were a plaintiff in a civil action against the defendant." *State v. Islam*, 359 Or 796, 801, 377 P3d 533 (2016). Therefore, whether the state proved the victim's economic damages turns on civil-law concepts.

> "[T]he measure of damages for the conversion of personal property is the reasonable market value of the goods converted at the time and place of the conversion[.]" *Hall v. Work*, 223 Or 347, 357, 354 P2d 837 (1960); *see also State v. Labar*, 259 Or App 334, 337, 314 P3d 328 (2013), *rev den*, 355 Or 317 (2014). However, a plaintiff cannot recover damages for losses that could have been avoided by reasonable conduct on the plaintiff's part. *Blair v. United Finance Co.*, 235 Or 89, 91, 383 P2d 72 (1963). "The burden of proving a failure to mitigate damages falls on the person causing the damage." *State v. Jurado*, 137 Or App 538, 541, 905 P2d 274 (1995); *see also McCulloch v. Price Waterhouse LLP*, 157 Or App 237, 246 n 5, 971 P2d 414, *rev den*, 328 Or 365 (1998) ("The general rule is that a wrongdoer has the burden of proof to show that the plaintiff failed to take reasonable measures to mitigate damages or avoid consequences." (Citation omitted.)).

To recapitulate, the state had the burden to prove the fair market value of the motorcycle at the time that it

was stolen in order for the trial court to impose restitution for the theft of it. Once the state met that burden, it became defendant's burden to show that reasonable conduct on the victim's part would have avoided some of the loss and to establish the amount of damages that the victim reasonably could have avoided.

Defendant does not contend that there was insufficient evidence to support the trial court's finding about the motorcycle's value when it was stolen. Therefore, in light of the parties' respective burdens of proof, we reject defendant's contention that the trial court's inability to determine the value of the parts foreclosed a restitution award. Furthermore, the trial court did not err in concluding that defendant failed to prove the value of the parts. That is, the court did not err in concluding that the evidence on the value of the parts was unpersuasive to it, as factfinder, to prove their value. We therefore affirm the supplemental judgment awarding the victim $3,900 in restitution.

Affirmed.