602          October 23, 2024          No. 749

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIE LORRAINE ROCHA,
*Defendant-Appellant.*

Washington County Circuit Court
21CR54643; A179850

Eric Butterfield, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant was convicted of failure to perform the duties of a driver when property is damaged, ORS 811.700. She appeals a supplemental judgment awarding the victim $1,500 in restitution for two days' lost wages. The victim had been subpoenaed for the restitution hearing and an earlier court date and arranged to miss work on those days, but defendant argues that she did not cause the victim's lost wages. The state responds that defendant did not preserve her arguments and has not demonstrated a plain error and that, regardless, the court did not err in awarding restitution. We conclude that the claim of error is unpreserved and does not qualify as plain error and, accordingly, we affirm.[1]

We review restitution awards for errors of law, and we are bound by the trial court's factual findings if there is any evidence to support them. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016).

The relevant facts are largely procedural and undisputed. Defendant crashed her car into the victim's parked pickup truck, causing damage. At the restitution hearing, the state presented the victim's request for $9,100 in lost wages. The victim testified that he had arranged for the damaged truck to be repaired and was without it for 11 days, during which he did not go to his job in Vancouver from his home in Hillsboro. The victim did not rent a car or use a rideshare service like Uber or Lyft because he would have had to pay out of pocket and be reimbursed and did not consider the rideshare services to be sufficiently reliable. In addition, the victim requested days off from work on the dates of two different court hearings, as well as the date of the restitution hearing. He testified that he had been subpoenaed to at least one of the hearing dates and also the

---

[1] As we will explain, part of defendant's argument on appeal *is* preserved, but it is a part that we need not address because there was more than one possible basis for the trial court's ruling. To prevail, defendant had to show that all of the possible bases for the ruling were erroneous. Because the court's restitution award could have been based on facts and conclusions that defendant has not established as erroneous, we need not address the other basis. *National Union Fire Ins. Co. v. Starplex Corp.*, 220 Or App 560, 580 n 5, 188 P3d 332, *rev den*, 345 Or 317 & 345 Or 417 (2008) ("It is axiomatic that, when a trial court bases a decision on multiple grounds, an appellant may prevail on appeal only after demonstrating that all of the bases for the court's decision were erroneous.").

restitution hearing. He produced a pay stub and testified that his wages for one day of work were typically about $750.

Defendant argued at the restitution hearing that the court could not award the victim lost wages for missing work while his car was being repaired, because he chose not to rent a car or use a rideshare service and that he had a duty to mitigate his damages. Defendant argued that the victim's choice not to go to work caused his damages rather than defendant's criminal conduct.

In response, the state points out that the trial court could have based its restitution award on lost pay for two of the workdays that the victim missed because he was subpoenaed to court. The state points out that defendant did not preserve an objection to restitution on that basis before the trial court. In reply, defendant argues that the issue was preserved and, alternatively, asks us to review for plain error.

At the hearing, the victim testified on direct examination that he had requested three days off work to attend two prior hearings and the restitution hearing, and that he had been subpoenaed for at least one of the two prior hearings. The victim said that the two prior hearings "got cancelled for some reason." Defendant did not follow up on that testimony on cross-examination of the victim.

The trial court ultimately ordered defendant to pay the victim $1,500 in restitution. It did not include any explanation of how it arrived at that figure. Defendant has assigned error to that restitution award, which amounts to two days' worth of lost pay.

On appeal, she points out that each of the two preceding court dates were cancelled 11 days in advance of the hearing date. One can discern from the trial court file that it was the trial court that cancelled those hearings; consequently, defendant posits, the court was aware that they had been cancelled and how far in advance that happened. Defendant further argues that, because it was the state's burden to establish that the victim suffered economic damages, any gaps in the record accrue to defendant's benefit.

We are not persuaded. We first conclude that defendant did not preserve the challenge that she raises on appeal as to whether the record supports that the victim missed two days of work because he had arranged to take them off to attend court hearings. We also conclude that the claim of error does not satisfy the requirements for plain error review. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (establishing the requirements for plain error, including that "the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable").

Defendant is correct that the burden of establishing the damages rested with the state—but the state (on behalf of the victim) and the trial court did not have notice of the argument that defendant raises for the first time on appeal. Had defendant raised the issue, the state potentially could have adduced further evidence concerning when the victim learned that the court dates had been rescheduled, whether he could rescind his request to take time off work to attend those hearings, and with how much notice. In addition, accepting defendant's assertion that the trial court would have known how much notice the victim had when the court dates were cancelled or rescheduled would require us to choose one possible inference from the record and reject others, which is not consistent with our standard of review. The court may have remembered at the October restitution hearing what action it had taken during the first half of July, or it may not have had such specific recollection as to the rescheduling of those prior hearings. The court may well have needed defendant to bring the issue to its attention in order to further consider the victim's testimony that he missed work because he requested those days off.

Having concluded that the argument concerning the victim's scheduled court appearances is unpreserved, we further conclude that any error is not plain. *Ailes*, 312 Or at 381-82. In particular, reviewing defendant's challenge would require choosing between competing inferences and going outside the record, or stated differently, it would involve resolution of disputed issues of fact.

Affirmed.