446 May 13, 2026 No. 401

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHANIE MARIA FOSTER,
aka Stephanie Foster,
*Defendant-Appellant.*

Douglas County Circuit Court
23CR37103; A185652

Robert B. Johnson, Judge.

Submitted April 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of first-degree theft, ORS 164.055(1)(a), and ordered to pay restitution as part of her sentence. *See* ORS 164.055(1)(a) (defining first-degree theft to include the theft of property with a total value of $1,000 or more). On appeal, she challenges the amount of the restitution award, specifically that it includes "$1,417.50 in restitution for services." We review for errors of law. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). Defendant's claim of error is well taken, and, accordingly, we reverse and remand.

The relevant facts are undisputed. Defendant took her car—a 2008 Audi—to an automotive shop for repairs. The shop did the repairs and presented defendant with a bill that included $3,143.92 for parts, $1,417.50 for labor, and $347.97 for other items. The shop intended to hold onto the car until defendant paid at least part of the repair bill, but defendant returned to the shop later with her spare key and took her car, without having paid any of the bill. Defendant was charged with theft of services, ORS 164.125, for unlawfully obtaining services available only for compensation without the intent to pay for them by use of deception (Count 1), and first degree-theft, ORS 164.055, for stealing automotive parts (Count 2). Pursuant to a plea agreement, defendant pleaded no contest to Count 2, and Count 1 was dismissed. The trial court scheduled a hearing to determine restitution.

At the hearing, the state requested restitution to the automotive shop in the full amount of the repair bill. Defendant countered, as relevant here, that it would be improper to include $1,417.50 for labor costs in the restitution award when she "wasn't convicted of theft of services." The state rejoined that the entire bill "could be appropriately assigned to either count" as economic damages resulting from defendant's conduct. Without stating its reasoning, the trial court ordered defendant to pay the full amount of the repair bill as restitution to the automotive shop.

On appeal, defendant again challenges the inclusion of $1,417.50 for labor in the restitution award. She argues

that she was not convicted of theft of services, nor did she admit to theft of services, and that this is not a situation in which the value of the shop's services can be viewed as economic damages flowing from her theft of property. The state responds that defendant's theft of the automotive parts factually and foreseeably caused the automotive shop's "losses for the labor expended to install the parts." The state further argues that "the cost of services was inseparable from her theft of the property because the labor rendered defendant's car usable allowing her to drive the car away from the shop to complete the theft."

Restitution requires proof of three elements: "(1) criminal activity, (2) economic damages, and (3) a causal relationship between the criminal activity and the economic damages." *State v. Mattila*, 337 Or App 264, 267, 562 P3d 622 (2025). As relevant here, "criminal activit[y]" means "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(1). "Economic damages" are "the objectively verifiable monetary losses that would be recoverable against the defendant in a civil action arising out of the defendant's criminal activities." *Mattila*, 337 Or App at 268. As for a "causal relationship," the "defendant's criminal activities must be a 'but for' cause of the victim's damages" and also "the damages must have been a reasonably foreseeable result of the defendant's criminal activities." *State v. Smith*, 291 Or App 785, 789, 420 P3d 644 (2018) (some internal quotation marks omitted). But-for causation exists when the loss at issue "would not have occurred" but for the criminal activity, whereas it does not exist if the loss would have occurred even without the criminal activity. *State v. Ramos*, 358 Or 581, 593 n 6, 368 P3d 446 (2016).

The contested element here is causation. Defendant was convicted of one count of theft of property, with the property being $3,143.92 worth of automotive parts. Defendant stole those parts by driving away with them in her car without permission from the shop, which continued to own them because defendant had not paid for them. It is undisputed that the shop could be awarded restitution for the value of the parts. It also is indisputable that the state could have

negotiated restitution for the value of the shop's labor in the plea agreement. The state did not negotiate that in the plea agreement, however, nor did defendant admit to committing theft of services, so the court could include the shop's labor in the restitution award only if the state proved the requisite causal relationship with the crime of conviction.

For the court to award restitution to the automotive shop for the value of its labor in installing the parts, the state therefore had to prove that the shop would not have lost $1,417.50 worth of labor but for defendant's theft of the parts (but-for causation) and that the shop losing that $1,417.50 was a reasonably foreseeable result of defendant stealing the parts. The state failed to do so. Had defendant been convicted of theft of services, it would be easy for the state to argue that, but for the theft of services, defendant would not have been able to steal the parts by taking the car—both because the parts would not have been in the car and because, at least according to the state, the car would not have been drivable without the parts—and that the loss of the value of the parts was a reasonably foreseeable result of the theft of services. That argument works because the theft of services would have *preceded* the theft of the parts and *enabled* the theft of the parts. Theft of services occurs when the services are obtained. *See* ORS 164.125(1)(a) ("A person commits the crime of theft of services if * * * [w]ith intent to avoid payment therefor, the person obtains services that are available only for compensation, by force, threat, deception or other means to avoid payment for the services[.]").

But the logic does not flow the other direction. The shop's employees spent hours installing parts in defendant's car, and those hours of labor have a market value of $1,417.50. Defendant was contractually obligated to pay for that labor and failed to do so. Because of her failure to pay, the shop suffered a $1,417.50 loss. But the shop would have suffered that loss *regardless* of whether defendant stole the parts. Had defendant left her car at the shop instead of driving it away, there would be no theft of parts, but the shop would still be out $1,417.50 for unpaid labor costs. That cost had already been incurred. Defendant taking her car, and thereby stealing the parts, did not cause the shop to

incur any new labor costs, nor did it retroactively cause the labor costs already incurred to be caused by the theft of the parts.[1]

The state is disregarding the order of events when it argues that the theft of the parts foreseeably caused the shop to lose $1,417.50 worth of labor. As for the state's argument that "the labor rendered defendant's car usable allowing her to drive the car away from the shop to complete the theft," that is an argument for the theft of services having foreseeably resulted in the theft of the parts, not the other way around.

Because the state failed to prove the requisite causal relationship between defendant's theft of property (the basis for her first-degree theft conviction) and the $1,417.50 in labor costs, the trial court erred in including $1,417.50 for labor in the restitution award on the first-degree theft conviction.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

---

[1] The state's theory of causation is and always has been a simple one and fails for the reasons explained. We express no opinion on whether it might have been possible for the state to prove a much more complicated theory of causation—such as defendant being unable to steal the parts without taking her car, the car being subject to a lien, the lien being easier to execute if the car remained at the shop, and the value of the car being great enough to cover all the shop's losses, including labor costs, if sold to cover the lien—except to note that "causation cannot be found to exist" if the theory of causation is too speculative. *State v. Emerine*, 308 Or App 211, 219, 480 P3d 308 (2020).