Argued and submitted October 5, 2018, affirmed October 16, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BEAU ALLEN CLARKE,
*Defendant-Appellant.*

Curry County Circuit Court
15CR48691; A163609

451 P3d 1022

During defendant's closing argument in his trial for driving under the influence of intoxicants, ORS 813.010(4), the trial court sustained the state's objection to defendant's mischaracterization of the evidence, then offered a clarifying instruction to the jury. The jury convicted defendant. Defendant appeals, assigning error to (1) the trial court's sustaining of the state's objection, (2) the court commenting to the jury that defendant had mischaracterized the evidence, and (3) the court's instruction that the arresting officer's testimony was admissible despite the officer's inability to offer expert opinion on defendant's state of intoxication. For assignments of error two and three, defendant requests plain error review under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). *Held*: The Court of Appeals affirmed because defendant's first assignment of error was not preserved and defendant's second assignment of error was not plain. The court declined to exercise discretion under *Ailes* to review the third assignment of error because defendant played an active role in bringing about the alleged error.

Affirmed.

Jesse C. Margolis, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

A jury convicted defendant of driving under the influence of intoxicants, ORS 813.010(4). On appeal, defendant contends that the trial court erred in three respects: (1) by sustaining the state's objection to defendant's closing argument about the state's inability to supply a drug recognition expert (DRE) opinion; (2) by commenting to the jury that defendant's argument mischaracterized the evidence; and (3) by instructing the jury that the lack of a DRE opinion did not mean that the arresting officer "didn't perhaps observe other signs that would relate to impairment from controlled substance or alcohol" and that could form the basis for his lay opinion that defendant was intoxicated. Defendant, however, did not preserve his assignments of error and, for reasons to be explained, none warrants correction on plain-error review. Accordingly, we affirm.

The relevant facts are procedural and not disputed. The state charged defendant with driving under the influence of intoxicants, ORS 813.010(4). At trial, the arresting officer, who was a drug recognition expert, was not permitted to offer an expert opinion on whether defendant was under the influence of intoxicants. That was because the officer had not performed a DRE evaluation of defendant at the time of his arrest. The trial court did allow the arresting officer to offer a lay opinion that defendant was under the influence of marijuana.

On cross-examination, defendant sought to highlight the difference between a DRE expert opinion and a lay opinion and to emphasize that the arresting officer, although a DRE expert, was unable to opine as an expert that defendant was intoxicated. Explaining to the trial court his theory, defendant said: "[T]he State's trying to say a lay person can have this opinion about marijuana, but an expert cannot, which I think is all I want in, is that *an expert needs information to give an opinion, a lay person doesn't.* It's never made sense to me, but that's fine." (Emphasis added.) The state was concerned that this line of inquiry would attack the validity of the arresting officer's lay opinion in a manner that would confuse the jury. However, the court sided with defendant and allowed him to highlight that the arresting

officer could not offer an expert opinion because he had not performed a DRE evaluation.

In closing argument, defendant urged the jury to give the arresting officer's testimony less weight because the officer was unable to provide an expert opinion as to whether defendant was intoxicated. He argued: "So we have *** the deputy over here, saying as a deputy, as an officer, as to a limited amount of training, I can say he's under the influence of marijuana, but as an expert with extra training, more classes, more experience, I cannot render that opinion." Shortly after that argument, the trial court requested a sidebar, during which the court cautioned defendant about mischaracterizing the evidence.[1] Defendant then resumed his closing argument but persisted in pursuing the argument that the court had cautioned him against making:

> "THE COURT:   Please proceed, Counsel.
>
> "[DEFENDANT]:   Thank you, Your Honor. So basically what you have here is you have a deputy as a deputy saying that he's under the influence of marijuana, and you're having a DRE say I don't have enough information to even tell you that, so—
>
> "[THE STATE]:   Your Honor, I object. I believe it mischaracterizes the evidence.
>
> "THE COURT:   That would be correct. *That does mischaracterize the evidence. That's the conversation we just had in chambers—*
>
> "[DEFENDANT]:   Okay.
>
> "THE COURT:   —Counsel. The problem, ladies and gentlemen, is that the officer testified that he did not perform what's called a DRE evaluation. It's a certain type of test. I believe the testimony from the defense position was that that was not refused. It just wasn't done. From the State was that it was refused.
>
> "But, nonetheless, the officer's testimony was that, as I recall, you have to rely on your memory, was that he just didn't do that specific type of test. *That doesn't mean that*

---

[1] Although the sidebar was not recorded, the parties' later discussions on the record reflect that the trial court warned defendant about mischaracterizing the evidence.

*he didn't perhaps observe other signs that would relate to impairment from controlled substance or alcohol."*

(Emphases added.)

Following that exchange, the parties concluded their closing arguments and the jury began deliberations. While the jury deliberated, the court addressed further its ruling on the state's objection to defendant's closing argument:

"THE COURT:   Additionally, we had a sidebar during closing argument in which [defendant] and I discussed—I think I did most of the discussing—but we discussed a problem that I saw with [defendant's] argument that the officer's training and experience was, as I understood his argument, was not valid as to any evaluation of use of controlled substance because the DRE evaluation was not done, and in my view that was a mischaracterization of the evidence.

"We came back, and [defendant] continued his argument in the same vein as far as I could tell.

"[DEFENDANT]:   *I went past (inaudible). Sorry, Your Honor.*

"THE COURT:   That's right. *Is there anything else at this time*?

"[DEFENDANT]:   *No.*"

(Emphases added.)

The jury returned a verdict of guilty. On appeal, as noted, defendant raises three assignments of error: (1) the trial court erred in sustaining the state's objection to defendant's closing argument; (2) the court erred by commenting that "[t]hat does mischaracterize the evidence" after sustaining the state's objection; and (3) the court erred by instructing the jury that "[t]hat doesn't mean that he didn't perhaps observe other signs that would relate to impairment from controlled substance or alcohol." The state responds that none of defendant's assignments of error is preserved and none involves plain error. We address each assignment of error in turn.

Defendant first assigns error to the trial court's ruling sustaining the state's objection to his closing argument.

He contends that it precluded him from making a closing argument. Defendant acknowledges that he did not dispute or otherwise oppose the state's objection, but asserts that the issue is preserved because the state objected, stated its grounds for objection, and the court sustained it. *See State v. Wirfs*, 250 Or App 269, 273-74, 281 P3d 616, *rev den*, 352 Or 378 (2012) (concluding that the defendant's assignment of error was preserved where the state objected on specific grounds, because "the trial court had a chance to consider the issue" and the state would not be "taken by surprise").

Although defendant is correct that we have sometimes determined an issue to be preserved in such circumstances, here we do not. That is because defendant affirmatively indicated to the trial court that his argument went beyond permissible bounds in the way it characterized the evidence. Defendant had a sidebar with the court where the court advised defendant that he was close to mischaracterizing the evidence. Then, when the court revisited the issue, defendant admitted that he went past the bounds of permissible argument and apologized to the court for doing so. In view of defendant's express acknowledgment to the court that his argument did mischaracterize the evidence, his contention on appeal—that the trial court erred in sustaining the state's mischaracterization objection—is not preserved. *See State v. Craigen*, 296 Or App 772, 777, 439 P3d 1048 (2019) (the defendant either failed to preserve or invited any error with respect to exclusion of evidence as to defense of extreme emotional disturbance (EED) where the defendant repeatedly told the court that the evidence was relevant to the defense of guilty except for insanity, and not to the EED defense); *State v. Cowdrey*, 290 Or App 415, 420-21, 416 P3d 314 (2018) ("Given defendant's repeated statements disavowing the notion that he was presenting the argument to the trial court that he now advances before us, we conclude that the issue was not properly preserved in the trial court."). As defendant has not requested review for plain error, we do not further consider his first assignment of error. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because 'it is incumbent upon the appellant to explain to us

why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error.'" (Quoting *State v. Tilden*, 252 Or App 581, 589, 288 P3d 567 (2012).)).

In his second assignment of error, defendant challenges the court's comment agreeing with the state's mischaracterization objection to defendant's closing argument: "That does mischaracterize the evidence." Defendant acknowledges that the error is unpreserved but contends that preservation is excused because, in his view, he had no reasonable opportunity to object to the court's comments. *See State v. Barajas*, 247 Or App 247, 252-53, 268 P3d 732 (2011) (where the trial court "waived" parties' closing arguments without warning, issue of whether that "waiver" was correct was preserved despite no clear objection on the record).

We disagree. When the trial court commented on defendant's closing argument, defendant remained silent, although it would have been easy enough for defendant to object or request that the court supply a clarifying instruction to further explain its comment to the jury if defendant believed it was misleading. This is not a case in which defendant lacked an opportunity in the trial court to redress the alleged error that defendant asserts on appeal.

Defendant requests that we review his second assignment of error for plain error in the event we conclude (as we have) that he was not excused from preserving it. An error is "plain" if it is (1) of law, (2) "obvious and not reasonably in dispute," and (3) it appears on the record such that there is no need to "choose among competing inferences." ORAP 5.45 n 1; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). He contends that it is "plain" that the court's statement about his closing argument constitutes an improper comment on the evidence under ORCP 59 E.

We, again, are unable to agree. ORCP 59 E provides, in part: "The judge shall not instruct with respect to matters of fact, nor comment thereon." As we have explained, a trial court's comment constitutes an improper comment on the evidence under ORCP 59 E when it instructs the jury on how evidence relates to a legal issue. *State v. Maciel-Cortes*, 231

Or App 302, 309, 218 P3d 900 (2009). Here, the court's comment did not speak to the evidence at all. Instead, it spoke to defendant's closing argument and how that *argument* failed to track the evidence. Under those circumstances, it is not plain that the comment was an improper comment on the evidence or otherwise erroneous.

Arguing for a contrary result, defendant points to *State v. Mains*, 295 Or 640, 669 P2d 1112 (1983). There, the Supreme Court explained:

> "The judge is not a litigant, nor a witness, and above all, not an advocate for either side. Therefore, we believe that judicial intervention before a jury should be kept within bounds, and the judicial questioning of witnesses or admonition of counsel in the presence of a jury should be a rare occurrence."

*Id*. at 658. As we have explained, however, "*Mains* does not suggest that every question a judge may ask of a witness or every statement made to counsel risks improperly influencing the jury." *Maney v. Angelozzi*, 285 Or App 596, 607, 397 P3d 567 (2017). Courts have "broad discretion" to control their proceedings. *State v. Rogers*, 330 Or 282, 300, 4 P3d 1261 (2000). Appropriate judicial conduct includes intervening as needed "to conduct a proper, expeditious and just trial." *Mains*, 295 Or at 656. "Even direct admonishment of counsel may be necessary to control a trial." *Maney*, 285 Or App at 607 (citing *State v. Matson*, 120 Or 666, 670, 253 P 527 (1927)).

Here, when the trial court said that "[t]hat does mischaracterize the evidence" in response to the state's objection, the court was simply sustaining the state's objection by echoing it and explaining its ruling. *Mains* does not make it plain that the court's manner of expressing that it was sustaining the state's objection was erroneous.

Defendant's third assignment of error challenges the trial court's instruction to the jury: "That doesn't mean that he didn't perhaps observe other signs that would relate to impairment from controlled substance or alcohol." As with defendant's second assignment of error, defendant acknowledges that his third assignment of error is not preserved but

argues that preservation is excused. We reject that argument based on the same reasoning that we applied to defendant's second assignment of error. As was the case with that assignment of error, defendant could have interjected and requested clarifying instructions if defendant believed that the court's statement was erroneous or misleading to the jury.

As with the second assignment of error, defendant has requested that we review the third assignment for plain error in the event we deem the assignment to be unpreserved. Under *Ailes*, to be plain an error must be "apparent," meaning "the point must be obvious, not reasonably in dispute[.]" 312 Or at 381.

In defendant's view, when the trial court stated that there could be lay opinion evidence that was based on the officer's observations of other signs of intoxication, the court plainly and impermissibly identified evidence that supported a jury finding that defendant was under the influence of intoxicants. That, according to defendant, plainly constitutes an impermissible comment on the evidence.

Under *State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998), a jury instruction impermissibly comments on the evidence if it "tells the jury how specific evidence relates to a particular legal issue." Under *State v. Naudain*, a jury instruction impermissibly comments on the evidence if, in context, the jury would understand the instruction to explain how specific evidence relates to a particular legal issue. 254 Or App 1, 9-10, 292 P3d 623 (2012) (jury instruction on self-defense, given over the defendant's objection, was impermissible comment on the evidence because it confirmed the state's theory that the defendant changed his story after finding that he was unable to plead self-defense).

Here, in view of *Hayward* and *Naudain*, it is possible that the trial court's remarks went too far, in that they may have signaled to the jury—wrongly or rightly—that the court thought jurors should credit the officer's testimony regarding other signs of intoxication. But we are reviewing for plain error, and the question is not whether the trial court erred but whether the court's direction to the jury was so obviously impermissible that it is beyond reasonable dispute

that the court erred. Ultimately, though, we do not determine whether the court's comment was plainly erroneous. Even if the court's remarks could be said to rise to the level of plain error, we decline to exercise our discretion to correct the error because of defendant's active role in bringing it about by proceeding with a line of closing argument that the court had counseled him against proceeding, and that defendant acknowledged went too far. *State v. Fernaays*, 263 Or App 407, 416, 328 P3d 792, *rev den*, 356 Or 397 (2014) (declining to exercise discretion to correct plain error in large part because of the defendant's active role in bringing about the error).

Affirmed.