Submitted November 5, 2018, affirmed November 20, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID MICHAEL COONS,
*Defendant-Appellant.*

Polk County Circuit Court
17CR04281; A164535

455 P3d 564

The trial court convicted defendant of first-degree assault for stabbing a man. At sentencing, defendant agreed that the state would have 90 days to submit a restitution amount for the victim's medical bills and defendant would then have 30 days to object to that amount. After defendant's 30 days had elapsed, the trial court ordered him to pay the requested amount. On appeal, defendant contends that the court plainly erred in imposing the restitution award because, under *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), there is insufficient evidence to support a finding that the claimed medical expenses were reasonable. *Held*: The trial court did not plainly err in imposing restitution, because its decision was based on the parties' agreement to employ a procedure for determining the appropriate amount of restitution, which does not amount to an "obvious" error. *See State v. Clarke*, 300 Or App 74, 80, 451 P3d 1022 (2019).

Affirmed.

Norman R. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Haselton, Senior Judge.

LAGESEN, P. J.

Affirmed.

## LAGESEN, P. J.

After defendant waived his right to a jury trial, the trial court convicted him of first-degree assault for stabbing a man. It then sentenced him to 90 months' incarceration and ordered him to pay $31,220.56 in restitution to the stabbing victim to compensate him for his medical expenses. On appeal, defendant contends that the trial court plainly erred in imposing the restitution award because, in his view, under *State v. McClelland*, 278 Or App 138, 372 P3d 614, *rev den*, 360 Or 423 (2016), there is insufficient evidence to support a finding that the claimed medical expenses were reasonable. The state responds that, in view of the procedure to which the parties agreed at sentencing, the court did not plainly err in imposing restitution, regardless of whether the evidence in the record would be sufficient under *McClelland*. The state also argues that we should not exercise our discretion to correct any error. We agree with the state on both points and, accordingly, affirm.

Defendant was staying with a friend, Millsap, who lived in one side of a duplex. One night, defendant attacked the occupant of the other side of the duplex, V. For reasons that were not clear to anyone at the time, and that did not become any clearer at trial, defendant stabbed V in the neck and back. V was seriously injured and hospitalized in the intensive care unit (ICU) as a result. The state charged defendant with first-degree assault and three other offenses as a result of the incident, and the trial court found him guilty on all counts. All verdicts merged, resulting in a single conviction for first-degree assault.

At sentencing, the state did not yet have the information needed to request restitution for V's medical expenses, and the parties agreed to a procedure for determining restitution. The state requested that it have 90 days to submit the restitution amount for the victim's medical bills, which it explained amounted to "thousands and thousands of dollars." The court agreed to "hold restitution open for 90 days." Defendant asked to "have 30 days to object to the restitution figure once it comes in," and that, "if we do have a hearing on that, would the Court allow [defendant] to appear either by telephone or by simultaneous video transmission." The

court confirmed that defendant would have 30 days to object and that it would "allow [defendant] to appear in any fashion that he wishes" and "that is feasible based on what the Department of Corrections can put together."

Within the 90-day period, the state filed a written motion to amend the judgment to include $31,220.56 payable to V. In the affidavit supporting the motion, the prosecutor represented that, through the filing, she had notified defendant, through his lawyer, of the restitution request. With the motion, the prosecutor submitted an additional document stating that the supporting documentation for the award was attached that indicated that those materials were "DISCOVERED" to defendant.[1] After more than 30 days had elapsed without objection from defendant, the trial court entered an order granting the motion and, thereafter, entered an amended judgment containing the restitution award.

On appeal, defendant contends that the trial court plainly erred by imposing restitution in the absence of evidence that the claimed medical expenses were reasonable. The state argues in response (among other things) that any error is not plain in view of the procedure to which the parties agreed at sentencing and that, alternatively, we should not exercise our discretion to correct any error in view of that procedure.

"An error is 'plain' if it is (1) of law, (2) obvious and not reasonably in dispute, and (3) it appears on the record such that there is no need to choose among competing inferences." *State v. Clarke*, 300 Or App 74, 80, 451 P3d 1022 (2019) (second and third internal quotation marks omitted).

Here, in view of the procedure embraced by the parties at sentencing, any error in imposing restitution is not plain. The parties agreed that the state would submit the amount, that defendant would have 30 days to object, and that there would be further proceedings if needed to account for the objection. The trial court imposed the restitution award only after defendant did not object (as the parties had

---

[1] Although the cover sheet for the supporting documentation was placed in the trial court file, the supporting documentation does not appear in the file.

contemplated). Although the file does not contain evidence that meets the standard in *McClelland*, it is not "obvious" that the law precludes a trial court from imposing restitution without such evidence where, as here, the parties at sentencing elect to employ a procedure for determining the appropriate amount of restitution. In particular, nothing on the face of ORS 137.106, or any other statute of which we are aware,[2] plainly indicates that the legislature intended to foreclose a sentencing court from imposing an unobjected-to amount of restitution.

Even if the alleged error could be considered to be plain, however, we would decline to exercise our discretion to correct it. As the state points out, even absent particularized evidence about the nature of V's medical expenses, it is inferable from the record that defendant's conduct gave rise to significant medical expenses—V had to be hospitalized in the ICU for stab wounds. Defendant's acceptance of the proposed procedure at sentencing played a role in the court imposing restitution pursuant to that procedure. Defendant had a fair opportunity—30 days—to contest the requested restitution. And his failure to do so deprived the state of the opportunity to further develop the record supporting the requested restitution.

Affirmed.

---

[2] Defendant has not identified any source of law that would *plainly* preclude the procedure employed below.