796 May 30, 2024 No. 361

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACK EDWARD SIGLER,
aka Jack E. Sigler,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR67214; A179916

Eric J. Bergstrom, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant appeals from a judgment of conviction pursuant to a negotiated guilty plea for first-degree manslaughter and four counts of first-degree burglary. At sentencing, the prosecution requested restitution, and defendant did not object or request a restitution hearing. Ultimately, the trial court awarded a total of $14,116 in restitution. On appeal, defendant assigns error to that restitution award, arguing that the trial court plainly erred because there is "no evidence in the record to support that award." The state responds that the error, if any, is not plain, and that regardless, we should decline to exercise our discretion to correct it. We agree with the state's argument that the error is not plain, and even if it were, we would not exercise our discretion to correct it. Accordingly, we affirm.

Because the parties are familiar with the underlying background and procedural facts, we do not provide a detailed recitation for this nonprecedential memorandum opinion. First, as a matter of law, the trial court's imposition of restitution in this case was not plain error. An error is plain if it meets three requirements: (1) the error is one of law, (2) the legal point is obvious, meaning it is not reasonably in dispute, and (3) to reach the error, we do not need to go outside the record to choose among competing inferences. *State v. Coons*, 300 Or App 618, 620, 455 P3d 564 (2019), *rev den*, 366 Or 382 (2020). Restitution is authorized under ORS 137.106, and we have previously held that "nothing on the face of ORS 137.106, or any other statute of which we are aware, plainly indicates that the legislature intended to foreclose a sentencing court from imposing an unobjected-to amount of restitution." *Coons*, 300 Or App at 621 (footnote omitted). Defendant has not cited to—much less attempted to distinguish—*Coons*. Accordingly, we readily conclude that it is not plain that the trial court erred by imposing the unobjected-to restitution amount in the judgment.

Second, contrary to defendant's contention that there is "no evidence" to support the restitution award, the record contains sufficient evidence of the "nature and amount of the damages" to support the trial court's restitution determination. ORS 137.106(1)(a); *see also State v.*

*Gruver*, 247 Or App 8, 18, 268 P3d 760 (2011) (holding that the trial court's imposition of restitution was not plain error where the defendant did not object to it and the record contained some evidence of the nature and amount of damages). Specifically, the state filed multiple restitution memos—the first in early June 2021 and the last dated September 16, 2022—that listed the restitution amounts sought, explained what they were for, and provided receipts for some of the expenses. For example, C, the victim's wife, submitted a request for a total of $956. Of that, $936 was for six nights of lodging for the victim's family, who could not stay in their home because it was a crime scene. The remaining $20 was for C's out-of-pocket payments for two counseling appointments. Receipts were attached to the restitution memo for those expenses. In addition, the state submitted restitution memos that included information about the Oregon Department of Justice requesting reimbursement to the Criminal Injuries Compensation Account (CICA) for funeral expenses and survivor counseling for C, which eventually totaled $13,160. The change-of-plea hearing and sentencing occurred on October 4, 2022. The amount of restitution sought and the documentation for it had been available to defendant for at least a few weeks, and some of it had been available for over a year. Thus, the record contains evidence supporting the award, and to agree with defendant's position on appeal, we would be required to choose between competing inferences, which is not something we will do in a plain-error posture.

Finally, even if the trial court plainly erred, we would not exercise our discretion to correct it under the circumstances of this case. *See State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013) (explaining that "discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case"). As described above, C's request for restitution was supported by receipts filed with a restitution memorandum and detailed requests for CICA reimbursement, which were filed before sentencing. In total, there were four restitution memoranda filed with the court, and in each one there was an updated amount

claimed for CICA. From the circumstances of the case, it is eminently reasonable for C, who witnessed defendant stabbing her husband to death, to incur costs for survivor counseling. The other expenses sought—reimbursement for lodging for six nights and funeral expenses—are equally reasonable. Further, defendant had ample opportunity to object or to be prepared to object at sentencing, had he been opposed to the award of restitution, or restitution in that amount. For those reasons, even if the court's imposition of restitution qualified as plain error, we would not exercise our discretion to correct it.

Affirmed.