468 April 2, 2025 No. 292

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER SHELBY BOGARD,
*Defendant-Appellant.*

Jackson County Circuit Court
21CR43522; A181758

Benjamin M. Bloom, Judge.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Attorney fee assessment vacated; otherwise affirmed.

**TOOKEY, P. J.**

On appeal of his convictions for fourth-degree assault, ORS 163.160, and disorderly conduct, ORS 166.025, defendant asserts that the sentencing court committed plain error in imposing restitution to the victim's insurance company and to the Criminal Injuries Compensation Account (CICA), and in ordering defendant to pay $200 toward the fees for his court-appointed counsel. We vacate the assessment of attorney fees and otherwise affirm.

As to attorney fees, the state concedes plain error. We agree that the sentencing court plainly erred in imposing attorney fees, and we exercise our discretion to correct the error in views of the ends of justice in this case and the interests of the parties.

As to restitution, defendant did not dispute below that restitution was appropriate based on his criminal conduct. Nor did he request a hearing or challenge the amount requested by the state. He now contends, however, that the state failed to present evidence of the economic damages to the insurance company and to CICA. *See* ORS 137.106 (authorizing imposition of restitution "in a specific amount that equals the full amount of the victim's economic damages as determined by the court.").

We conclude that there was no plain error in imposing restitution. *See State v. Coons*, 300 Or App 618, 620, 455 P3d 564 (2019), *rev den*, 366 Or 382 (2020) ("[N]othing on the face of ORS 137.106, or any other statute of which we are aware, plainly indicates that the legislature intended to foreclose a sentencing court from imposing an unobjected-to amount of restitution."). However, even assuming plain error, considering the factors that bear on our exercise of discretion, we would decline to correct it. *See State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013) (explaining that "discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity the error, and the ends of justice in the particular case").

Attorney fee assessment vacated; otherwise affirmed.