Argued and submitted June 8; decision of Court of Appeals affirmed in part and reversed in part, judgment of circuit court reversed in part, and case remanded to circuit court for further proceedings November 17, 2022

STATE OF OREGON,
*Respondent on Review,*

*v.*

PATRICK RAYMOND FOX,
*Petitioner on Review.*

(CC 17CR07694) (CA A167616) (SC S068980)

521 P3d 151

Defendant was convicted of second- and third-degree assault after he struck the victims with a metal chain, causing them significant injury. The trial court ordered defendant to pay restitution for the victims' medical bills as well as attorney fees that the victims incurred in hiring a private attorney for representation of their interests in the criminal proceeding. On appeal, defendant argued, among other things, that such attorney fees do not constitute "economic damages" under ORS 137.106. The Court of Appeals rejected that argument. *Held*: The trial court erred in awarding the attorney fees that the victims voluntarily incurred to protect their interests in obtaining an award of restitution because such fees are not "economic damages" under ORS 137.106.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed in part, and the case is remanded to the circuit court for further proceedings.

En Banc

On review from the Court of Appeals.*

David O. Ferry, Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs was Ernest G. Lannet, Chief Defender.

Jeff J. Payne, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Travis Eiva, Eugene, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

_____
* On appeal from the Jackson County Circuit Court, Timothy Barnack, Judge. 313 Or App 317, 496 P3d 10 (2021).

WALTERS, C. J.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed in part, and the case is remanded to the circuit court for further proceedings.

**WALTERS, C. J.**

In a criminal case, a trial court is permitted to award restitution for a victim's "economic damages," as that term is defined in ORS 137.103(2)(a). This case requires us to decide whether that term includes attorney fees that a victim chooses to incur to protect the victim's interest in obtaining restitution. For the reasons that follow, we conclude that it does not and that the trial court erred in awarding restitution for such fees.

The relevant facts are undisputed. Defendant and the victims were involved in a property dispute, and the victims hired a civil attorney to assist them in that matter. During an incident regarding the property dispute, defendant struck the victims with a metal chain causing them significant injury. The state charged defendant with one count each of second- and third-degree assault, and defendant eventually pleaded guilty to both counts.

During defendant's prosecution, the victims retained the attorney who was representing them in the civil case to represent their interests in that criminal proceeding. The victims' attorney appeared at defendant's arraignment and security release hearings, a settlement conference, and hearings for defendant's entry of plea and sentencing. At sentencing, the victims' attorney argued against the state's recommended prison sentence and advocated for a probationary sentence to increase the likelihood that defendant could pay restitution to the victims.

In addition to participating in those proceedings, the victims' attorney also took other actions. The victims' attorney met with the prosecutor and the district attorney's restitution department to discuss the case and filed a motion to quash defendant's subpoena requiring the victims to produce their entire internet history related to the property dispute. After defendant agreed to narrow the scope of that subpoena, the victims' attorney withdrew the motion to quash. And, in response to an expressed concern from defendant's criminal attorney that the victims were "going over to his property and stealing his stuff," the victims' attorney took photographs of defendant's property to assuage those concerns.

After defendant's guilty plea and sentencing,[1] the state sought restitution for the medical expenses that the victims had incurred as a result of the assault and the attorney fees that the victims had incurred in the criminal proceeding. Defendant conceded that the claimed attorney fees resulted from defendant's criminal activities but objected to their recovery, arguing that neither the medical expenses nor the attorney fees were reasonable or necessary and that the attorney fees did not constitute "economic damages" recoverable as restitution. The trial court awarded the full amount of the medical expenses. The trial court also awarded $3,200 in attorney fees. That award included the attorney fees for the attorney's appearances during the criminal case, meetings with the prosecutor and their office, responding to an overbroad subpoena from defendant, and taking photographs of the property in dispute.[2]

Defendant appealed the restitution award. As to the award for medical expenses, defendant argued that the record did not support the trial court's determination that those expenses were reasonable or necessary. As to the award for attorney fees, defendant contended that the fees incurred in the criminal proceeding would not be recoverable "economic damages" under ORS 137.106(1) as defined in ORS 137.103(2)(a) (cross referencing definition of "economic damages" in ORS 31.710(2)(a)) and as discussed in *State v. Ramos*, 358 Or 581, 368 P3d 446 (2016).[3] He also

---

[1] On the second-degree assault count, defendant was sentenced to a downward dispositional departure of five years of supervised probation. On the third-degree assault count, defendant was sentenced to 90 days in jail and three years of probation.

[2] The trial court did not award sums not directly relating to the criminal case that it considered more directly connected to the property dispute. The trial court also excluded fees requested for meetings with the victims themselves and for reviewing the prosecutor's evidence. The trial court apparently intended to award only fees incurred for court appearances in the criminal case and direct meetings with another attorney in that case.

[3] ORS 31.710(2)(a) defines "economic damages" as

"objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically

argued that the record lacked any suggestion that the state is incapable, without private assistance, of seeking criminal convictions and appropriate restitution, and therefore that the victims' attorney fees were unnecessary and not reasonably foreseeable.

The Court of Appeals reversed the award for the medical expenses incurred by one of the two victims but affirmed as to those incurred by the other. *State v. Fox*, 313 Or App 317, 324, 496 P3d 10 (2021). As to the latter expenses, the court held that the record included evidence in addition to the payment of the bills demonstrating that they were reasonable and necessary. With respect to the victims' attorney fees, the court affirmed the award for the attorney fees incurred in the criminal case, determining that "it is reasonably foreseeable that a victim would hire an attorney to advise them about their rights in a criminal case," and that, "because a victim is entitled to seek separate representation, the services provided by [the victims' attorney] that were directly related to the criminal case were necessarily incurred by the victims."[4] *Id.* at 326-27.

In this court, defendant challenges both decisions by the Court of Appeals. As to the affirmed medical expenses, defendant renews his argument that the record does not support that award. We disagree and affirm without further discussion.

As to the affirmed attorney fees, defendant maintains that Oregon's restitution statutes limit available recovery to "economic damages," and that the cost of retaining an attorney to represent a victim's interests in the underlying criminal proceeding does not fit that bill. Defendant contends that the legislature intentionally limited a victim's recovery to amounts that the victim could recover in a civil proceeding, and that, in a civil proceeding, following the "American Rule," a victim cannot recover attorney

---

verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

[4] The court excepted fees related to the property dispute between defendant and victims as "too removed from the criminal case." *Fox*, 313 Or App at 327. The excepted fees are not at issue on review.

fees incurred to obtain a judgment in that proceeding. Additionally, defendant submits, even if this court were to determine that such fees are recoverable as "economic damages," the trial court erred in awarding them here because the record does not support its implicit determination that they were reasonably foreseeable and necessarily incurred.

In response, the state contends that defendant did not preserve his argument that attorney fees incurred in a criminal prosecution are not recoverable as restitution under the "American Rule," and that defendant's argument that such fees are not recoverable as "economic damages" is foreclosed by this court's decision in *Ramos.* The state argues that, in *Ramos,* this court decided that a trial court may award attorney fees that a victim incurs in the underlying criminal proceeding as "economic damages," 358 Or at 604, and that we must affirm the imposition of such restitution here. The state also maintains that the trial court correctly concluded that the attorney fees it awarded were reasonably foreseeable and necessarily incurred.

We begin with the state's preservation argument, and do not consider it an impediment to our review. Preservation serves several purposes, including giving a trial court the chance to consider and rule on an issue, ensuring fairness to the opposing party by giving them an opportunity to respond, and fostering full development of the record. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). The state is correct that, at trial and on appeal to the Court of Appeals, defendant did not cite to the American Rule in objecting to the court's inclusion of attorney fees in its restitution award. But, to preserve an issue, such citation is not always necessary. Raising an issue at trial is ordinarily essential, whereas identifying a source is less so, and making a particular argument is the least significant. *State v. McKinney*, 369 Or 325, 332, 505 P3d 946 (2022). From the outset, defendant has squarely raised the issue of whether the attorney fees that the victims incurred in this criminal proceeding are recoverable in restitution as "economic damages"; furthermore, the parties at the restitution hearing identified, as relevant precedent, this court's decision in *Ramos*, a case in which we discussed the American Rule in the context of restitution hearings. The purposes of the

preservation rule are met here, and we proceed to consider the parties' arguments on their merits.

As noted, defendant argues that the victims' attorney fees could not properly be included in the restitution award because those fees did not constitute "economic damages" within the meaning of ORS 137.106(1), while the state responds that that argument is foreclosed by our decision in *Ramos.*

In *Ramos*, the defendant set fire to her restaurant and filed a fraudulent claim with her insurance company seeking to recover the fire-related damages. Subsequently, the defendant was convicted of second-degree arson and attempted first-degree aggravated theft. 358 Or at 581-83. The insurance company victim incurred two categories of attorney fees and costs, both of which the trial court awarded as restitution: (1) attorney fees and costs that the company incurred outside the criminal prosecution in investigating the defendant's fraudulent claim for benefits, and (2) costs that the company incurred in the criminal prosecution in paying nonattorney investigators for the time that they were required to spend testifying before the grand jury and at the criminal trial. *Id.* at 584.[5] In this court, the defendant argued, first, that the term "economic damages" incorporates civil law principles, including the requirement that damages be reasonably foreseeable and, second, that, under the American Rule, an award of attorney fees or litigation costs is prohibited unless authorized by statute or contract.

We agreed with the defendant that the legislature used the term "economic damages" as that term is used in the civil law and determined that in the civil law, "the test that a court uses to determine whether damages are too attenuated to be recoverable is whether a reasonable person in the defendant's position would have foreseen that someone in the victim's position could reasonably incur damages of the same general kind that the victim incurred." *Id.* at 597. We held that that limitation also applies when economic damages are awarded in a restitution proceeding.

---

[5] The opinion in *Ramos* does not so state, but the record in that case indicated that the nonattorney witnesses had been subpoenaed by the state.

*Id.* at 604. As to the American Rule, we began with the following description:

> "Defendant is correct that in a civil action, a party is generally not entitled to an award of attorney fees or litigation costs that that party incurs in that action, unless a statute or contract allows for such recovery. *Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 360, 353 P3d 563 (2015); *see also Baker Botts L.L.P. v. ASARCO LLC*, [576 US 121, 126, 135 S Ct 2158], 192 L Ed 2d 208 (2015) (acknowledging the 'bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.')."

*Ramos*, 358 Or at 600. We went on to explain that,

> "[a]lthough that limitation *generally* applies, its application in any particular case depends on the specific claims and facts at issue. For example, when a plaintiff brings a claim against a defendant for damages, the plaintiff may seek, as an element of damages, attorney fees and costs that the plaintiff incurred in litigation with a third party. *Montara*, 357 Or at 360[;] *see also Huffstutter v. Lind*, 250 Or 295, 301, 442 P2d 227 (1968) ('[A]ttorney fees are generally allowable as damages in an action against a defendant where the defendant's tortious or wrongful conduct involved the plaintiff in prior litigation with a third party.'); Dan B. Dobbs, 2 *Law of Remedies* § 9.2(3) (2d ed 1993) (If a defendant's fraudulent misrepresentation causes 'the plaintiff to litigate with [a] third person, then the reasonable expenses of that litigation, including the plaintiff's own attorney fees, are recoverable as items of damages consequent upon the misrepresentation.')."

*Id.* (emphasis in original). Accordingly, we concluded that the defendant had overstated the civil law limitation on the recovery of attorney fees (*i.e.*, the American Rule) and, thus, that his argument that the term "economic damages" necessarily excludes attorney fees and litigation costs was without merit. *Id.* at 601.

We then went on to consider whether, "even if we were to apply the American Rule," it would bar an award of the fees and costs that the victims in that case were seeking. We concluded that it would not. With respect to the first category of fees—those incurred in investigating the defendant's

fraudulent insurance claim—we said that those fees were not fees that the company "paid to have an attorney represent it in litigation against defendant; they were expenses that [the company] incurred because defendant filed a claim for benefits and [the company] had to decide whether to pay that claim." *Id.* at 602. With respect to the second category of costs—those paid to nonattorney investigators for their time giving testimony in the prosecution of defendant—we said the following:

> "As discussed above, a restitution hearing takes place after a defendant has been convicted of a crime; it is a proceeding in which the state seeks, as a sanction, an award of the damages that the victim could recover if the victim were a plaintiff in a hypothetical civil action suing the defendant for defendant's criminal/tortious conduct. Defendant argues that, if a victim were to bring a tort action for damages, the victim, as plaintiff, would not be able to recover the litigation costs incurred in that action as damages and that a victim in a restitution proceeding should be subject to the same limitation. What defendant fails to recognize, however, is that, if a victim were to bring such a tort claim, the American Rule would not preclude the victim from recovering fees and costs that the victim incurred as a result of the victim's involvement in a separate proceeding, such as a criminal proceeding to prosecute the defendant tortfeasor for a crime. *See Osborne* [*v. Hay*], 284 Or [133,] 141, 585 P2d 674 [(1978)] (quoting *Restatement (First) of Torts* § 914, 591 (1939))."

*Id.* We then went on to explain that,

> "[t]herefore, even if the American Rule were to apply in restitution proceedings by analogy, an issue we reserve and do not decide, that rule would not preclude a victim from recovering attorney fees and costs that the victim incurred as a result of the victim's involvement in the underlying criminal prosecution. A victim in a restitution proceeding is not required to bring a separate tort action to obtain an award of damages, and therefore the prosecution of the defendant and the award of damages occur in the same criminal proceeding. We conclude, however, that the combined procedure does not deprive the state from seeking, on behalf of the victim, the same damages that the victim could have obtained if the victim had filed a separate action, and that those damages may include attorney fees

and litigation costs that the victim incurred in the underlying criminal prosecution."

*Id.* at 602-03.

It is these paragraphs that the state deems determinative here. The state contends that we already have decided that, in a restitution proceeding, the state may seek recovery of "attorney fees and litigation costs that the victim incurred in the underlying criminal prosecution." Here, the state argues, those recoverable fees include the attorney fees that the victims incurred to have their attorney appear at hearings and participate in the criminal process. For the reasons that follow, we do not read *Ramos* as going that far, particularly when we read it in conjunction with another case decided on the same day—*State v. Kirschner*, 358 Or 605, 368 P3d 21 (2016).

In *Kirschner* this court upheld a restitution award for lost wages that the victim had incurred when subpoenaed to testify at the restitution hearing. The victim in *Kirschner* had lost wages because he was required to respond to that subpoena, "not because he made an independent decision to attend the hearing to protect his interests." *Id.* at 609. Although the victim was advancing his economic interests in testifying at the restitution hearing, we found the subpoena to be "significant" and, given that the victim was participating as part of a compulsory process, determined that the rationale underlying the American Rule would not apply. *Id.*

In both *Ramos* and *Kirschner*, this court considered the propriety of restitution for costs that a victim incurred because a nonattorney witness (in *Kirschner*, the victim himself) was required to testify in the prosecution of the defendant. This court did not consider the propriety of restitution for attorney fees that a victim incurred by making an independent, purely voluntary, decision to retain private counsel to protect the victim's interest in obtaining restitution. That is an open question that *Ramos* does not resolve and that we therefore address.

In *Ramos*, we determined that the legislature's purpose in creating the restitution procedure was to provide a

"substitute" for a civil proceeding, making civil law concepts —such as the American Rule—relevant to our interpretation of the restitution statutes.[6] 358 Or at 594. Further, we determined that, although neither ORS 137.106(1) nor the definition of economic damages in ORS 31.710(2)(a) requires that damages awarded in restitution be limited to what would be recoverable in a civil action, the legislative history and evolution of the restitution statutes indicate that the legislature did not intend to differentiate between the "economic damages" that a victim could recover as damages in a civil action and those that the victim could recover as restitution. *Id.* at 592; *see also State v. Islam*, 359 Or 796, 806, 377 P3d 533 (2016) (concluding that the measure of economic damages for a seller in a theft case is the same measure of damages that would be available to the seller in a tort action for conversion).

And, as defendant points out, we recognized in *Ramos* that the American Rule is a "bedrock principle" in civil law that Oregon has long followed—that in seeking judgment in a civil case, each litigant pays their own attorney's fees, win or lose, unless a statute or contract provides otherwise. *Ramos*, 358 Or at 600 (citing *Montara*, 357 Or at 360). In a civil action, a party generally cannot recover attorney fees or litigation costs incurred in that proceeding "as economic damages, unless prescribed by statute or contract." *Id.*

In *Ramos*, we also recognized, however, that the American Rule does not bar *all* claims for attorney fees in civil actions. For example, we explained, citing *Osborne*, 284 Or at 141, and the *Restatement* section 914, that the rule does not bar a claim for attorney fees incurred in a third-party proceeding:

> "'A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably

---

[6] We again emphasize a point that we previously noted in *Ramos*: We do not mean to imply that the recovery of "economic damages" turns restitution hearings into civil proceedings. Restitution is a penalty that serves a penal purpose. However, civil law concepts inform what a court may award as "economic damages" in restitution proceedings.

necessary loss of time, attorney fees and other expenditures thereby suffered or incurred.'

"Comment *a* states that:

  "'The rule stated in this Section applies where the preceding action was brought either by a third person or by the State and also where the present plaintiff has been led by the defendant's tort to take legal proceedings against a third person. ***'"

*Ramos*, 358 Or at 601 (quoting same).

In this case, defendant takes the position that that third-party exception does not apply, and, therefore, that the American Rule controls and prohibits an award of attorney fees incurred in this criminal proceeding. Defendant argues that an action by the state against a criminal defendant is not an action against a third party; it is an action against the perpetrator of the harm. And a victim is not required to bring such an action or to defend against it. Further, defendant contends, if a crime victim were to bring a civil action against the crime perpetrator for damages for the injury inflicted, the victim would not be entitled to recover the attorney fees that the victim incurred in that civil action and should not be permitted to do so here.

The state's arguments that a restitution award may include the attorney fees that a crime victim incurs when the victim retains an attorney to participate in the perpetrator's prosecution are three-fold: (1) that, in *Ramos*, this court characterized a victim's participation in a criminal proceeding as defending against a third-party action, and we should not overrule *Ramos*; (2) that the common-law formulation of the American Rule is not controlling; and (3) that victims in criminal actions are "thrust" into criminal litigation and need to defend their interests, including "defend[ing] against the state's prosecution by exercising their rights through counsel in the criminal proceeding."

To begin, we reiterate that we do not view *Ramos* as resolving the question before us. There, we discussed the third-party exception to the American Rule as a basis for rejecting the broad argument that the defendant in that case had made; *viz.*, that the term "economic damages" prohibits

recovery of all attorney fees and costs unless permitted by statute or contract. We said that,

> "although a party to a civil action will generally recover the attorney fees and costs incurred in that action only if a statute or contract permits their recovery *qua* fees and costs, there are instances in which attorney fees and litigation costs incurred in separate litigation may be recovered as an element of a plaintiff's damages. *Defendant's argument that the term 'economic damages' necessarily excludes attorney fees and litigation costs is without merit.*"

*Ramos*, 358 Or at 601 (emphasis added). Thus, when the third-party exception applies, a victim in a criminal case may be able to recover—as damages—attorney fees incurred in that third-party action.[7] By referencing that exception, we did not suggest that a victim's claim for restitution is itself a third-party action permitting the recovery of attorney fees in restitution proceedings.

We turn, then, to the American Rule itself and defendant's argument that it precludes the victims from recovering, in restitution, the attorney fees that they incurred in the underlying criminal proceeding. Under the American Rule, if a victim of a crime were to file a civil action to recover for the injuries and resulting economic damages that the victim suffered at the hands of the criminal defendant, the victim would not be entitled to recover the attorney fees incurred in that civil proceeding unless permitted by statute or contract. Applying the American Rule, each litigant would pay their own attorney fees. Here, of course, the victims did not file a civil tort action for damages incurred due to defendant's assault; they were entitled to have the state act on their behalf and recover those damages, as a penalty in the criminal case, in restitution. But, when the state did so, it was entitled to seek only "economic damages." ORS 137.106(1)(a). As noted, *Ramos* instructs that, in using that term, the legislature did not intend to differentiate between the "economic damages" that a victim can recover as damages in a civil action and those that the victim can recover

---

[7] That exception applies, for example, when a perpetrator's action requires the victim to bring an action against a party other than the perpetrator or the state, such as an action to recover stolen property from a transferee.

as restitution in a criminal case. Because the term "economic damages" does not include the attorney fees that a civil claimant chooses to incur to obtain those damages in a civil action, that term also does not include the attorney fees that a victim chooses to incur to protect their interests in obtaining those same damages in a criminal proceeding.

The state's final argument urging a different result rests on its view that, in criminal prosecutions, victims are in a different posture than are plaintiffs seeking damages. The state contends that victims in criminal actions are "thrust" into that litigation and need to defend their interests, including "defend[ing] against the prosecution by exercising their rights through counsel in the criminal proceeding."

We are not persuaded that the legislature intended that result. When victims choose to incur attorney fees in a criminal proceeding to protect their interests in obtaining an award of restitution, they are not required to do so. Although, as the state argues, victims have a right to restitution under Article I, section 42(1)(d), of the Oregon Constitution, and although victims are entitled to employ counsel to assist in its recovery, *victims* are neither required to seek restitution nor to hire lawyers to assist them in that effort. Rather, ORS 137.106(1)(a) requires *the prosecutor* to investigate and present "evidence of the nature and amount of damages" that a victim incurs. We conclude that the legislature did not intend to permit courts to award, as "economic damages," the attorney fees that a victim chooses to incur in a criminal case to protect their interest in obtaining an award of restitution.

Here, the victims engaged counsel to represent them in a civil property dispute. Their neighbor assaulted them, and, in the resulting criminal prosecution for that crime, the victims engaged that same counsel to advance their interests in the criminal prosecution. The victims' attorney appeared at hearings in the criminal proceeding in an effort to obtain defendant's conviction, and, at the sentencing hearing, the victims' attorney argued against the prosecutor's recommended prison sentence in order to advocate for the victims' ability to better recover restitution from

defendant. We conclude that, in this case, the trial court erred in awarding the resulting attorney fees as restitution.[8]

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed in part, and the case is remanded to the circuit court for further proceedings.

---

[8] That conclusion makes it unnecessary for us to reach defendant's additional argument that, as a matter of law, such fees are neither reasonably foreseeable nor necessarily incurred.