Submitted on remand from the Oregon Supreme Court February 9; portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed, remanded for resentencing, otherwise affirmed March 22, 2023

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JOHN OLAF HALVORSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR27788; A169687

527 P3d 817

On remand from the Supreme Court for reconsideration in light of *State v. Fox*, 370 Or 456, 521 P3d 151 (2022), the Court of Appeals reconsidered its conclusion with respect to victims' attorney fees in its opinion in *State v. Halvorson*, 315 Or App 112, 500 P3d 35 (2021). In *Fox*, the Supreme Court held that "economic damages," as that term is defined in ORS 137.103(2)(a), does not include attorney fees that a victim chooses to incur in obtaining restitution in a criminal matter. *Held*: On reconsideration, the Court of Appeals applied the reasoning in *Fox* and reversed the award of restitution insofar as it included victims' attorney fees related to the criminal case.

Portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed; remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Halvorson*, 369 Or 211, 503 P3d 444 (2022).

Eric L. Dahlin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed; remanded for resentencing; otherwise affirmed.

## LAGESEN, C. J.

This criminal appeal is before us on remand from the Supreme Court, which vacated and remanded our previous decision, *State v. Halvorson*, 315 Or App 112, 500 P3d 35 (2021) (*Halvorson I*), for reconsideration in light of *State v. Fox*, 370 Or 456, 521 P3d 151 (2022) (*Fox II*). *State v. Halvorson*, 369 Or 211, 503 P3d 444 (2022) (*Halvorson II*). For the following reasons, we now reverse the trial court's judgment insofar as it awarded restitution to defendant's victims for attorney fees incurred for representation in this criminal case and remand for resentencing. We otherwise adhere to our prior decision and affirm the balance of the judgment on appeal.

The relevant facts are provided in our previous decision. We provide them here only as needed for context. This criminal case arose out of defendant's act of forging a prenuptial agreement to gain advantage in three civil cases involving businesses owned by his ex-wife's family. That conduct resulted in contempt proceedings against defendant, followed by criminal charges in this case; defendant ultimately was convicted of two counts of identity theft and one count of first-degree forgery. The trial court awarded restitution to the victims for several categories of attorney fees, including for attorney fees incurred for representation in the criminal case.

Defendant appealed, challenging, among other things, the award of restitution for the attorney fees incurred in relation to the criminal case. We rejected that challenge relying on our decision in *State v. Fox*, 313 Or App 317, 326-27, 496 P3d 10 (2021) (*Fox I*). *Halvorson I*, 315 Or App at 120-23. In *Fox I*, we held that the trial court permissibly awarded restitution for the victims' attorney fees that they incurred when they hired a private attorney to assist them and guide them through the criminal case. *Fox I*, 313 Or App at 326-27. We reasoned that "it is reasonably foreseeable that a victim would hire an attorney to advise them about their rights in a criminal case" and, "because a victim is entitled to seek separate representation [under Article I, section 42(1)(d), of the Oregon Constitution], the services provided by [the victims' attorney] that were directly related to the criminal

case were necessarily incurred by the victims." *Id.* at 326-27. Based on that reasoning, we concluded that restitution was recoverable for the victims' attorney fees associated with the criminal case. *Id.* at 327.

The Supreme Court later reversed our decision in *Fox I*. Disagreeing with our analysis, it concluded that "economic damages," as that term is defined in ORS 137.103(2)(a), does not include attorney fees that a victim chooses to incur to protect the victim's interest in obtaining restitution in a criminal matter. *Fox II*, 370 Or at 469-70. Then, as noted, the court remanded this case to us for reconsideration in light of *Fox II*.

Here, as set forth in our initial decision, the victims incurred attorney fees by "seeking to redress that harm caused by [defendant's] crime," including in the criminal matter that followed the conclusion of their civil and contempt proceedings. *See Halvorson I*, 315 Or App at 123. For the reasons explained in *Fox II*, the trial court erred in awarding restitution for the attorney fees that the victims incurred to protect their interests in the criminal case. Accordingly, we reverse the award of restitution insofar as it includes victims' attorney fees related to the criminal case and remand for resentencing. The decision in *Fox II* does not otherwise bear on the analysis in *Halvorson I*, so we otherwise affirm the judgment.

Portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed; remanded for resentencing; otherwise affirmed.