On respondent's petition for reconsideration filed April 19, opinion filed March 22, 324 Or App 656, 527 P3d 817 (2023); reconsideration allowed, former opinion and disposition modified, portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed except uncontested $28,200 of G's award, remanded for resentencing; otherwise affirmed June 28, petition for review denied October 19, 2023 (371 Or 509)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN OLAF HALVORSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR27788; A169687

532 P3d 928

Petitioner seeks reconsideration of the Court of Appeals' prior decision in *State v. Halvorson*, 324 Or App 656, 527 P3d 817 (2023), which was issued following a remand from the Supreme Court. On remand, the court concluded that attorney fees incurred by the victim in relation to criminal proceedings are not included in "economic damages" for the purposes of restitution under ORS 137.106(1) and reversed the related award of restitution. Petitioner contends that defendant had previously conceded to $28,200 of one victim's attorney fees incurred in connection with the criminal proceedings and did not contest that portion of the fees on appeal; consequently, that amount should have been excluded from the court's reversal of restitution. *Held*: The court modified its previous disposition to acknowledge defendant's concession to $28,200 of fees incurred by one victim and to clarify that that amount is not included in the partial reversal of the restitution award.

Reconsideration allowed; former opinion and disposition modified; portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed except uncontested $28,200 of G's award; remanded for resentencing; otherwise affirmed.

Eric L. Dahlin, Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, for petition.

John Halvorson *pro se*, for response.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Reconsideration allowed; former opinion and disposition modified; portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed except uncontested $28,200 of G's award; remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

Petitioner seeks reconsideration of our prior decision in this matter, *State v. Halvorson*, 324 Or App 656, 527 P3d 817 (2023) (*Halvorson II*), which we issued following a remand from the Supreme Court. Petitioner requests that we clarify our disposition. At issue on remand in *Halvorson II* was whether, in light of *State v. Fox*, 370 Or 456, 521 P3d 151 (2022), attorney fees incurred by the victim in relation to criminal proceedings are included in "economic damages" for the purposes of restitution under ORS 137.106(1). We concluded that they are not, and "reverse[d] the award of restitution insofar as it includes victims' attorney fees related to the criminal case and remand[ed] for resentencing." *Halvorson II*, 324 Or App at 658.

Petitioner contends that defendant had previously conceded to $28,200 of victim G's attorney fees incurred in connection with the criminal proceedings and did not contest that portion of the fees on appeal; defendant does not dispute that previous concession.[1] Although defendant's concession is noted in our earlier decision, *State v. Halvorson*, 315 Or App 112, 116, 500 P3d 35 (2021), *rev'd and rem'd*, 369 Or 211, 503 P3d 444 (2022) (*Halvorson I*), it was not clearly acknowledged in our *Halvorson II* disposition. Accordingly, we modify *Halvorson II* to acknowledge defendant's concession that $28,200 of fees that G incurred in connection with the criminal proceedings is not included in our partial reversal of the restitution award. We do so by modifying the sentence, "Accordingly, we reverse the award of restitution insofar as it includes victims' attorney fees related to the criminal case and remand for resentencing," 324 Or App at 658, to read, "Accordingly, except for those portions of the victims' attorney fees that defendant did not contest on appeal, we reverse the award of restitution insofar as it includes victims' attorney fees related to the criminal case and remand for resentencing." We also modify our disposition from,

---

[1] With leave of the court, defendant filed a *pro se* response to the state's petition for reconsideration. He contends that, notwithstanding his prior concession, we should reverse the $28,200 that he conceded in the trial court was due to G. Defendant's concession in the trial court as to that amount, however, invited any error by the trial court. "[I]nvited error is no basis for reversal." *State v. Harris*, 362 Or 55, 67, 404 P3d 926 (2017).

"Portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed; remanded for resentencing; otherwise affirmed," *id.*, to read, "Portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed except uncontested $28,200 of G's award; remanded for resentencing; otherwise affirmed."

Reconsideration allowed; former opinion and disposition modified; portion of judgment awarding restitution to victims for attorney fees incurred in criminal case reversed except uncontested $28,200 of G's award; remanded for resentencing; otherwise affirmed.