No. 602 November 15, 2023 209

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARC ALAN ST. JEOR,
aka Marc Alan StJeor,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR22529; A175163

Beth M. Bagley, Judge. (Judgment November 24, 2020)

Wells B. Ashby, Judge. (Supplemental Judgment September 21, 2021)

Submitted February 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

Powers, J., concurring in part and dissenting in part.

**HELLMAN, J.**

Defendant appeals a supplemental judgment imposing restitution after his convictions for domestic violence against the victim, N.[1] He advances two assignments of error. In his first assignment of error, he argues that the trial court erred when it ordered him to pay $3,600.02 in restitution for N's vehicle repairs because she failed to mitigate her economic damages. In his second assignment of error, he asserts that the trial court erred when it ordered restitution for N's travel expenses related to therapy because his criminal activity did not result in additional travel expenses. For the following reasons, we affirm.

We review a restitution order for legal error and are "'bound by the trial court's factual findings if they are supported by any evidence in the record.'" *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016) (quoting *State v. Pumphrey*, 266 Or App 729, 730, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015)). Accordingly, "[w]e review the evidence supporting the trial court's restitution order in the light most favorable to the state." *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015).

In his first assignment of error, defendant argues that the trial court erred when it ordered $3,600.02 in restitution for N's car repairs. Once the state established N's economic damages, the burden fell to defendant "to show that reasonable conduct on the victim's part would have avoided some of the loss and to establish the amount of damages that the victim reasonably could have avoided." *State v. Rock*, 280 Or App 432, 438, 380 P3d 1084 (2016). Here, the state introduced evidence that the repair estimate for N's car was $3,600.02. Although defendant does not dispute that he caused that amount in damage, he contends that N's economic damages were only $1,000, which is the deductible amount she would have paid had she filed an insurance claim. Defendant argues that because N did not file an

---

[1] Defendant was convicted of strangulation constituting domestic violence, ORS 163.187, menacing constituting domestic violence, ORS 163.190, harassment constituting domestic violence, ORS 166.065(3), assault in the fourth degree constituting domestic violence, ORS 163.160(2), coercion constituting domestic violence, ORS 163.275, and coercion, ORS 163.275.

insurance claim, she did not mitigate her damages, and so he is not liable for the remainder of the repair costs.

Even if we assume, without deciding, the correctness of defendant's premise—that an insurance payment on behalf of a victim would constitute mitigation, *but see* ORS 137.103(4)(d) (including an insurance carrier in the definition of "victim" for purposes of restitution "if it has expended moneys on behalf of a victim")—we reject defendant's argument.

N testified that she did not file a claim because, "[i]f I filed an insurance claim, it was going to go against my insurance and my insurance goes up." The court found that the repair estimate was reasonable and that requiring N to bear the cost of defendant's criminal conduct—in the form of increased premiums—was unreasonable. Consequently, the court ordered defendant to pay $3,600.02. Because the evidence supports the trial court's determination, we conclude that the court did not err. *See State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018) (explaining that "we will uphold the trial court's findings of fact so long as there is any evidence in the record to support them").

In his second assignment of error, defendant argues that the trial court erred when it ordered restitution for N's therapy-related travel costs. Defendant takes the position that because N was already receiving therapy, his criminal activity did not result in additional travel costs. We disagree. "When determining causation, a trial court must determine whether there is a 'but-for' connection between the victim's damages and the crime and whether the victim's economic damages were a reasonably foreseeable result of the defendant's crime." *State v. Andrews*, 366 Or 65, 71, 456 P3d 261 (2020). Because we do not understand defendant to argue that N's travel costs to obtain therapy were not a foreseeable result of the domestic violence incident, his argument turns on the "but-for" connection between the travel costs and his conduct.

We conclude that the evidence is sufficient to support both the trial court's finding that a causal relationship existed and economic damages. The record demonstrates

that N's therapy sessions fundamentally changed after the domestic violence incident. N received "a new, additional diagnosis of acute stress disorder" because of the incident, and her therapy sessions no longer focused on her existing mental health issues. Instead, N and her therapist had to address N's new diagnosis, her overall dysregulation, her fear of being stalked or killed by defendant, and her concerns that he would retaliate against her. Defendant's criminal conduct was the but-for cause of that that new diagnosis, and the new therapy focus. We are thus unpersuaded by the dissent's assertion that the record is insufficient to support a restitution award because there was no explicit evidence that the frequency of therapy increased after the domestic violence incident. The number of times N went to therapy is not dispositive; what matters is that when she went to therapy after the incident, it was to address issues that defendant caused.  Further, regardless of whether N had traveled to therapy for different reasons in the past, the fact that N now traveled to therapy to address issues that defendant caused provides sufficient evidence from which the trial court could find economic loss. Moreover, the therapist testified that therapeutic services were not available in N's hometown, so she had to travel to receive treatment. Therefore, the evidence supports a "but-for" connection between the defendant's criminal activity and N's travel costs for treatment of her new diagnosis. *See Smith*, 291 Or App at 789 (explaining that even though "defendant's criminal activities must be a 'but-for' cause of the victim's economic damages, the damages need not be the *direct* result of defendant's criminal activity" (internal quotation marks omitted) (emphasis in original)). The trial court did not err.

Affirmed.

**POWERS, J.,** concurring in part and dissenting in part.

I write separately because the majority opinion, in my view, reads too much into the thin record developed at the restitution hearing on whether the victim's therapy-related travel costs could be considered economic damages for purposes of restitution. Properly viewed, the state did not

carry its burden by offering sufficient evidence to establish that those costs were objectively verifiable monetary losses. Thus, I respectfully dissent from the majority opinion's discussion of defendant's second assignment of error because I see the record differently. I fully join the portion of the majority opinion that rejects defendant's first assignment of error that challenges the trial court's award of restitution for vehicle repairs and join in the panel's decision to make this a nonprecedential memorandum opinion because we are applying settled law to a set of facts that is unlikely to arise again. Accordingly, I concur in part and dissent in part.

ORS 137.106(2)(a) provides that, "[i]f the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution[.]" ORS 31.705(2)(a) defines the phrase "economic damages" to mean "objectively verifiable monetary losses." In my view, the record does not establish that the victim suffered economic damages related to her travel expenses. It is undisputed that the victim had been regularly traveling to therapy for more than two years before the underlying criminal incident. It is further undisputed that the victim's mental health issues were exacerbated by the domestic violence perpetrated by defendant. Thus, because there is sufficient evidence of a causal relationship between defendant's criminal activity and the victim's therapy, there is the potential for economic damages for the therapy-related travel. The potential for economic damages—without more—is not a sufficient basis to award restitution. In my view, what is missing from the record is evidence that the victim traveled more often or incurred any economic damages related to travel because of defendant's conduct. *See State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021) (explaining that the state bears the burden to prove each of the facts necessary to support the restitution award).

At the restitution hearing, the therapist was asked on cross-examination if she saw the victim the same amount of time after the incident than she did before the incident.

The therapist could not confirm that the frequency of visits increased following the incident.[1] That gap in the evidence is meaningful to me. If the victim was seeking restitution for the therapy sessions themselves, the record may very well support an award of restitution given that there was a new diagnosis and given that the focus of treatment changed. That, however, is not the request for restitution. Instead, the challenged portion of the restitution award was premised on travel reimbursement to and from therapy, a place that the victim already was traveling to for more than two years. Thus, as I view the record, the state failed to develop direct or circumstantial evidence that the victim incurred any economic damages related to travel because of defendant's criminal conduct.

In some ways, restitution proceedings have become cumbersome mini-trials that seem to stray from the statutory framework that was designed, in part, to streamline the process for victims. *See, e.g.*, *State v. Fox*, 370 Or 456, 465-66, 521 P3d 151 (2022) (reiterating that one of the legislature's purposes in creating the restitution framework was to provide a "substitute" civil proceeding); *id.* at 466 n 6 (emphasizing that the recovery of "economic damages" does not turn restitution hearings into civil proceedings and noting that restitution "is a penalty that serves a penal purpose"). The restitution requirements, however, are not illusory such that we need to imagine travel expenses as objectively verifiable monetary losses where the state failed

---

[1] On cross-examination, the therapist testified:

"Q. Did you see her approximately the same amount of time after the incident as you did before the incident?

"A. I would have to look at my notes to answer that question, but I'm pretty sure it was more frequent.

"Q. Okay. You can please go ahead and refer to your notes.

"A. No, I—I'm sorry. I only wrote notes from my notes. I had to read the notes online. That would be—I couldn't really answer that how many times.

"Q. Okay.

"A. Comparing them. I can't answer that.

"Q. Okay. So without—

"A. I would—I would have to go home and look at the file and recount. I can't do that here."

The therapist then concluded: "My recollection is I saw her more frequently after. But, no, I can't confirm for certain without counting them."

to offer any proof of economic damages related to travel at the restitution hearing.

Accordingly, I respectfully concur in part and dissent in part.